# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KERRY MYERS MCCLELLAND,**

      **Plaintiff,**

**v.**                                                                    **Case No: 6:16-cv-907-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Kerry McClelland, on behalf of her minor daughter, V.M. (the "Claimant"), appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). Doc. No. 8. Claimant argues that the Commissioner erred by: 1) failing to consider new evidence submitted for the first time to the Appeals Council; 2) not considering Claimant's financial limitations when noting her lack of medical treatment; 3) failing to properly consider Ms. McClelland's testimony and Claimant's school records reflecting her mental performance; and 4) failing to develop the record by not ordering a consultative medical examination at any point in the administrative process. Doc. No. 28 at 15-18, 20-22, 27-30, 33-35. Claimant requests that the Commissioner's decision be reversed for an award of benefits as of the alleged onset date or, in the alternative, be reversed and remanded for further proceedings. *Id.* at 37. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

**I. PROCEDURAL BACKGROUND**

On October 19, 2012, Claimant filed an application for SSI. R. 168. Claimant alleges a disability onset date of January 30, 2001. *Id*. On December 26, 2012, Claimant's application was denied. R. 117. On January 16, 2013, Claimant filed a request for reconsideration. R. 124. On March 7, 2013, Claimant's application was denied upon reconsideration. R. 126. On April 30, 2013, Claimant filed a request for a hearing before the Administrative Law Judge (the "ALJ"). R. 132. On September 29, 2014, Claimant attended a hearing before the ALJ. R. 51-88. On January 2, 2015, the ALJ issued an unfavorable decision. R. 31-46. On February 6, 2015, Claimant filed a request for review of the ALJ's decision. R. 27. On April 26, 2016, the Appeals Council denied review. R. 1-5. On June 2, 2016, Claimant filed the operative complaint against the Commissioner and initiated this appeal. Doc. No. 8.

**II. EVALUATION OF A MINOR'S DISABILITY**

For a child under the age of eighteen to be entitled to SSI, that child must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." *Fontanez ex rel. Fontanez v. Barnhart*, 195 F.Supp.2d 1333, 1345 (M.D. Fla. 2002) (citing 42 U.S.C. § 1382c(a)(3)(C)(i)). In making such a determination, the ALJ uses a three-step analysis. *Espinoza ex rel. J.E. v. Astrue*, No. 8:07–cv–2003–T–HTS, 2009 WL 331600, at *1 (M.D. Fla. Feb. 10, 2009). A "child is considered disabled if he or she: 1) is not engaged in substantial gainful activity; 2) has a medically determinable impairment that is severe; and 3) the impairment meets, medically equals, or functionally equals a [listed impairment]." *Id.* When considering whether an impairment functionally meets a listed impairment at step three, the Commissioner considers six domains of

functioning: 1) acquiring and using information; 2) attending to and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for oneself; and 6) health and physical well-being. *Id.* (citing 20 C.F.R. § 416.926a (b)(1)). An impairment functionally equals a listed impairment if the child has "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* (citing 20 CFR § 416.926a(a)).

## III. THE ALJ'S DECISION

At step one, the ALJ found that Claimant has not engaged in substantial gainful activity since the filing of her application. R. 34. At step two, the ALJ found that Claimant has the following severe impairments: ADHD, asthma, mood disorder, psychotic disorder, headaches, and gastroesophageal reflux disease. *Id.* At step three, the ALJ found that Claimant's impairments (or combination thereof) did not meet or medically equal the severity of any of the listed impairments. R. 34-35. The ALJ also found that Claimant's impairments (or combination thereof) did not functionally equal the severity of any of the listed impairments. R. 35-45. Specifically, the ALJ found that Claimant had less than marked limitations in five of the six domains of functioning. R. 39-45. The ALJ found that Claimant had marked limitations in the domain of health and physical well-being. R. 45. Because the ALJ found that Claimant had marked limitations in only one of the six domains of functioning, the ALJ determined that Claimant was not disabled. R. 46.

## IV. ANALYSIS

### A. Duty to Develop

Central to Claimant's appeal is the issue of whether the ALJ failed to develop the record. Doc. No. 28 at 33-36. Claimant argues that the ALJ failed to develop the record by not ordering a consultative examination for any of Claimant's alleged impairments. *Id.* at 34. The Commissioner

argues that a consultative examination is not needed because "the ALJ determined [that] the record contained sufficient evidence for him to reach an informed decision on Claimant's claim." *Id.* at 35. Thus, the parties agree that no consultative examination was ordered. *Id.* at 33-36.

The Supreme Court in *Sims v. Apfel*, 530 U.S. 103, 110-11, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000), held that "[s]ocial security proceedings are inquisitorial rather than adversarial" and that the ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). The ALJ's duty includes ordering a consultative examination if one is needed to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citations omitted). Nevertheless, an ALJ is not required to order a consultative examination provided that the record contains sufficient evidence for the ALJ to make an informed decision. *Ingram v. Commissioner of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("[t]he administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision"); *Good v. Astrue*, 240 Fed. Appx. 399, 404 (11th Cir. 2007) ("the ALJ need not order an additional consultative examination where the record was sufficient for a decision").[1]

The Commissioner argues that the ALJ determined the record to be sufficient to make an informed decision on this issue. Doc. No. 28 at 35. The ALJ's own statements, however, prove otherwise. In an exchange with Ms. McClelland (and her counsel) the ALJ noted Claimant's lack of psychological treatment:

> ALJ: Now, besides going to Tri-County a few times, <u>has [Claimant] had any other psychological treatment?</u>

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

CMT: <u>No, because we've been trying to get the insurance [company] to approve her</u> for [a] psychological evaluation.

ALJ: Okay.

CMT: -- because of not being able to remember things. But Tri-County has been the primary person for her. <u>They diagnosed her, I think, with ADD and mood disorder</u>, so.

ALJ: Right, they did … Unfortunately, and I'm looking to see if I missed the record, but the record that I saw was kind of vague as to the --- yeah, there's only one for Tri-County at 7F, right, counsel?

CMT: They're not very thorough there.

ATTY: Yes, sir. It's --

CMT: I have to be honest.

ALJ: And that's the difficulty, I…

ATTY: <u>And it says unspecified</u>, so.

ALJ: Yeah, that's the thing …. I can see that there's obvious physical problems … <u>but the mental evaluation … is kind of lacking</u> …. And I think the [state agency reviewing physicians], counsel, gave her a marked [limitation] in health and physical wellbeing—

ATTY: Right.

ALJ: -- in that domain. So what <u>I was primarily looking at is some additional evidence</u> to show that … in maybe [domain] one or perhaps, you know, one of the other psychological domains…that we have some evidence to show marked [limitations].

CMT: Yeah, I can get those for you.

ALJ: That, that would be good …. That's what we need in this case.

R. 75-77 (emphasis added).² Thus, the ALJ recognized that the current evidence of record was lacking with regard to Claimant's mental impairments. *Id.* Specifically, the ALJ noted the lack of evidence that would aid him in his consideration of the six domains of a child's functioning. *Id.* The ALJ made a similar statement in his decision, when he found no credibility in Claimant's allegations regarding her mental impairments:

> <u>Turning to her brief treatment for a mood disorder, the record remains rather vague with respect to this issue.</u> There is some suggestion that the significant psychosocial stressors faced by [Claimant] played a part in her depressive symptoms. [Claimant] has also been non-compliant with treatment and there does not appear to be any follow-up treatment since October 2014. Despite the lack of treatment, <u>[Claimant] has not been admitted for inpatient psychiatric care and she had yet to follow through on the referral for a neuropsychologist.</u>

R. 39 (emphasis added). Thus, the ALJ found Claimant's allegations regarding her mental impairments not credible because: 1) there is some suggestion that significant psychosocial stressors played a part in Claimant's depressive symptoms; 2) Claimant was non-compliant with treatment; 3) there does not appear to be any follow-up treatment since October 2014; and 4) Claimant has not been admitted for inpatient psychiatric care and has yet to follow through on a referral for a neuropsychologist. *Id.* Yet, before making these findings, the ALJ admitted that the "record remains rather vague with respect to this issue." *Id.*

It is well established that "while the ALJ is entitled to make credibility determinations, the ALJ may not substitute his judgment for the judgments of experts in their field of expertise." *Matthews v. Barnhart*, 347 F.Supp.2d 1093, 1101 (M.D. Ala. 2003). At the hearing, the ALJ

---

² The exhibit referred to above are treatment notes from Tri-County Psychiatric Associates. R. 406-415. Tri-County Psychiatric Associates provides mental health care to children. R. 70. The treatment notes state that Claimant is diagnosed with unspecified psychosis, unspecified episodic mood disorder, and other and unspecified episodic mood disorder. R. 407. The ALJ also refers to two opinions from state agency reviewing physicians, noting that Claimant has marked limitations in the domain of health and physical well-being. R. 97, 110.

recognized that the record lacked sufficient evidence regarding Claimant's mental limitations. R. 75-77. Furthermore, after reviewing the record in its entirety, the ALJ noted that the record was still unclear as to that issue. R. 39. Based on the foregoing, the ALJ "should have concluded that it was necessary to secure additional evidence regarding the [claimant's] intellectual functioning before rendering a decision regarding [her] disability." *Kelly v. Colvin*, CIVIL ACTION NO. 2:15cv380-CSC, 2016 WL 2983503, at *5 (M.D. Ala. May 23, 2016). However, the ALJ did not order a consultative mental examination. Doc. No. 28 at 34. Without a more thorough assessment of Claimant's mental abilities and limitations, the Court cannot determine that the ALJ's decision was based on substantial evidence. *See Kelly*, 2016 WL 2983503 at *6 (finding that "by failing to refer [the claimant] for a consultative psychological examination, the ALJ improperly substituted her judgment for that of a psychologist"). Accordingly, remand is necessary for the ALJ to order a consultative mental examination detailing Claimant's mental abilities and limitations.[3]

**B. Award of Benefits**

Since reversal is necessary, the undersigned must address Claimant's request that the case be reversed for an award of benefits. Doc. No. 28 at 37. Reversal for an award of benefits is only appropriate when either: 1) the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt; or 2) where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits). Here, the matter is being reversed because the ALJ failed to obtain a consultative examination regarding Claimant's mental impairments. *See supra*, pgs. 3-7. Without any results from such consultative examination, the undersigned cannot determine whether Claimant is disabled beyond

---

[3] Because such issue is dispositive, there is no need to address Claimant's other arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

doubt. *Davis*, 985 F.2d at 534. Furthermore, the record before the Court does not establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. *Id.* Accordingly, Claimant's request for reversal for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

**V.     CONCLUSION**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to award judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on May 1, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Paul J. Morgan
1099 W Morse Blvd
Winter Park, FL 32789

John F. Rudy, III
400 N Tampa St - Suite 3200
Tampa, FL 33602-4798

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Michael Calabro
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224